McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Louis A. Modugno, Esq.
Michael R. Morano, Esq.
1300 Mt. Kemble Avenue
PO Box 2075
Morristown, NJ  07962-2075
Telephone: (973) 993-8100
Facsimile: (973) 425-0161
*Counsel to Hudson Hospital Propco, LLC,
Hudson Hospital Opco, LLC, Hudson
Hospital Holdco, LLC, and Vivek Garipalli*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: Christ Hospital, a New Jersey not-for-profit corporation<br><br>PRIME HEALTHCARE SERVICES, INC.,<br><br>Appellant,<br><br>v.<br><br>HUDSON HOSPITAL HOLDCO, LLC, HUDSON HOSPITAL PROPCO, LLC, HUDSON HOSPITAL OPCO, LLC, and VIVEK GARIPALLI<br><br>Appellees. | Civil Case No. 2:13-cv-06191-ES |
| In Re: Christ Hospital, a New Jersey non-for-profit corporation<br><br>PRIME HEALTHCARE SERVICES, INC.,<br><br>Appellant,<br><br>v.<br><br>HUDSON HOSPITAL HOLDCO, LLC, HUDSON HOSPITAL PROPCO, LLC HUDSON HOSPITAL OPCO, LLC, and VIVEK GARIPALLI<br><br>Appellees/Respondents | Civil Action No. 2:13-cv-7881-ES |

| | |
|---|---|
| In Re: Christ Hospital, a New Jersey non-for-profit corporation<br><br>**PRIME HEALTHCARE SERVICES, INC.,**<br><br>Appellant,<br><br>v.<br><br>**HUDSON HOSPITAL HOLDCO, LLC, HUDSON HOSPITAL PROPCO, LLC HUDSON HOSPITAL OPCO, LLC, andVIVEK GARIPALLI**<br><br>Appellees/Respondents | Civil Action No. 2:14-cv-471-ES |
| In Re: Christ Hospital, a New Jersey non-for-profit corporation<br><br>**PRIME HEALTHCARE SERVICES, INC.,**<br><br>Appellant,<br><br>v.<br><br>**HUDSON HOSPITAL HOLDCO, LLC,HUDSON HOSPITAL PROPCO, LLCHUDSON HOSPITAL OPCO, LLC, andVIVEK GARIPALLI**<br><br>Appellees/Respondents | Civil Action No. 2:14-cv-472-ES<br><br>**STIPULATION AND ORDER** |

**IT IS HEREBY AGREED BETWEEN THE PARTIES AND ORDERED BY THE COURT, AS FOLLOWS:**

1. With the consent of Appellees, Hudson Hospital Holdco, LLC, Hudson Hospital Propco, LLC, Hudson Hospital Opco, LLC and Vivek Garipalli (collectively, the "Successful Bidder Entities"), on January 14, 2014, this Court ordered Appellant, Prime Healthcare Services, Inc. ("Prime"), to seek a stay of <u>Prime Healthcare Services, Inc. v. Garipalli, et. al.</u>, Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-1056-13 (the "State Trial Court Action"), and <u>Prime Healthcare Services, Inc. v. Garipalli, et. al.</u>, Superior Court of New Jersey, Appellate

2

Division, Docket No. A-1085-13T3 (the "State Appeal"), until disposition of the Bankruptcy Court's December 3, 2013 Order by a federal court of last resort, or expiration of any deadline to file a further appeal in the federal courts, with regard to the Bankruptcy Court's December 3, 2013 Order (See Civil Action No. 13-7881, Docket Entry No. 14, the "January 14 Order").

2. Because of the parties' agreement to the aforementioned state court stays, this Court stayed the Bankruptcy Court's December 20, 2013 Order that Prime dismiss its New Jersey Superior Court Complaint without prejudice until further order of this Court, and that if the state court stays described in the January 14 Order were entered, then Prime's appeal of the Bankruptcy Court's December 20 Order would be deemed moot. However, the January 14 Order was expressly conditioned upon the New Jersey Superior Court, Appellate Division, formally ordering both stays described by the January 14 Order.

3. On January 17, 2014, the Superior Court of New Jersey, Appellate Division, entered a stay order applying to the State Trial Court Action and the State Appeal (the "January 17 State Court Stay Order"). The January 17 State Court Stay Order is substantially similar to, but not entirely congruent with, the stay upon which the January 14 Order was conditioned. The January 17 State Court Stay Order states:

> Proceedings in this appeal are stayed for ninety (90) days, or until the conclusion of proceedings in the federal courts concerning the validity of the bankruptcy court's order of December 3, 2013, whichever shall first occur. Either party may move to extend the stay by filing a motion with the Clerk of the Court, which shall be considered in the ordinary course.
>
> Since this appeal remains pending, this court continues to have supervision and control of the proceedings. Therefore, the trial court shall not exercise jurisdiction in the matter, except as otherwise permitted by Rule 2:9-1(a).

4. Although the January 17 State Court Stay Order does not fully meet the conditions expressed in the January 14 Order, the parties and this Court agree that the Bankruptcy Court's December 20,

3

2013 Order that Prime dismiss its New Jersey Superior Court Complaint without prejudice continues to be stayed until further order of this Court. The parties and this Court confirm that Prime's appeal of the Bankruptcy Court's December 20 Order is not, at this time, deemed moot.

5. On or before March 1, 2014, Prime shall seek from the New Jersey Superior Court, Appellate Division, an order seeking to extend the stays referred to in paragraph 3 of this Stipulation and Order coextensive with the duration of federal appeals or, in the alternative, for a period of an additional ninety (90) days. The Successful Bidder Entities shall consent to Prime's request for an extension.

6. Subsequent to entry of the January 14Order, the clerk of the Bankruptcy Court (pursuant to Bankruptcy Rule 8007(b)) transmitted to the clerk of the District Court copies of the designated records on appeal for Prime's appeals of both Orders of the Bankruptcy Court. The clerk of the District Court entered those appeals as separate docket matters. Prime's appeal of the Bankruptcy Court's December 3, 2013 Order has been docketed as Prime Healthcare Services, Inc. v. Hudson Hospital Propco, LLC, et al., Civil Action No. 2:14-cv-00471-ES. Prime's appeal of the Bankruptcy Court's December 20, 2013 Order has been docketed with the District Court as Prime Healthcare Services, Inc. v. Hudson Hospital Propco, Inc., Civil Action No. 2:14-cv-00472-ES. Briefing schedules previously entered by the Court for Civil Action No. 2:14-cv-00471-ES and Civil Action No. 2:14-cv-00472-ES are no longer applicable.

7. On October 17, 2013, Prime filed a Motion to Withdraw Reference to the Bankruptcy Court. This motion is captioned Prime Healthcare Services, Inc. v. Hudson Hospital Holdco, LLC, et. al., Civil Action No. 2:13-cv-06191-ES-JAD. This motion was stayed by the Court by order dated November 8, 2013, at the request of all parties. See id. at Docket Entry No. 8. The

4

Successful Bidder Entities and Prime dispute whether the Motion to Withdraw Reference is moot.

8. All four of the separately-docketed matters pending before the Court involve common questions of law and fact, and are consolidated to avoid unnecessary cost, delay, or confusion. It is therefore Ordered that:(i) <u>Prime Healthcare Services, Inc. v. Hudson Hospital Holdco, LLC, et. al.</u>, Civil Action No. 2:13-cv-06191-ES-JAD; (ii) <u>Prime Healthcare Services, Inc. v. Christ Hospital, et. al.</u>, Civil Action No. 2:13-cv-07881-ES; (iii)<u>Prime Healthcare Services, Inc. v. Hudson Hospital Propco, LLC, et al.</u>, Civil Action No. 2:14-cv-00471-ES;and (iv) <u>Prime Healthcare Services, Inc. v. Hudson Hospital Propco, Inc., et al.</u>, Civil Action No. 2:14-cv-00472-ES, are hereby consolidated, pursuant to Fed. R. Civ. P. 42 and Local Civil Rule 42.1. These consolidated matters (the "Consolidated Bankruptcy Appeal") shall proceed under the matter captioned <u>Prime Healthcare Services, Inc. v. Hudson Hospital Propco, Inc., et. al</u>, Civil Action No. 2:14-cv-00472-ES (Consolidated). This consolidated matter shall be consolidated for all purposes.

9. All requests for relief raised in the Consolidated Bankruptcy Appeal shall be briefed by the parties in accordance with paragraph 10, below, and the following schedule: (1) Prime shall file its initial brief and related papers by no later than February 14, 2014; (2) the Successful Bidder Entities shall file its opposition brief and related papers by no later than March 10, 2014; and (3) Prime shall file its reply brief and related papers by no later than March 19, 2014.

10. Prime's initial brief and the Successful Bidder Entities' opposition brief shall not exceed seventy (70) pages, and shall otherwise be in accordance with Local Civil Rule 7.2. Prime's reply brief shall not exceed twenty (20) pages subject to a further request from Prime and further order of the Court, and shall otherwise be in accordance with Local Civil Rule 7.2.

11. This Court has scheduled oral argument in connection with the Consolidated Bankruptcy Appeal for May ~~14~~ 16 (JES), 2014, at 11:00 a.m.

12. The parties to this Consolidated Bankruptcy Appeal explicitly reserve any and all arguments in support of their respective positions concerning the matters at issue in this Consolidated Bankruptcy Appeal, and entry of this Stipulation and Order shall not prejudice any party's right to take positions that appear contrary to the purpose of this Stipulation and Order except to the extent it conflicts with the express terms herein.

| | |
|---|---|
| **McCusker, Anselmi, Rosen & Carvelli, P.C.** | **McElroy, Deutsch, Mulvaney & Carpenter LLP** |
| **Law Offices of William Katchen, LLC** | |
| *Attorneys for Prime Healthcare Services, Inc.* | *Counsel to Hudson Hospital Propco, LLC, Hudson Hospital Opco, LLC, Hudson Hospital Holdco, LLC, and Vivek Garipalli* |
| By: _S/ BRUCE S. ROSEN_<br>Bruce S. Rosen | By: _s/ MICHAEL R. MORANO_<br>Louis A. Modugno<br>Michael R. Morano |
| Date: February 13, 2014 | Date: February 12, 2014 |

**SO ORDERED:**

Date: February 19th, 2014

_____
Hon. Esther Salas, U.S.D.J.

6